UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
       :
LINENS OF EUROPE, INC.,       :
       :
             Plaintiff,       :
       :       05 Civ. 5102 (GEL)
     -v-       :
       :       **OPINION AND ORDER**
POLO LINEN SERVICE, INC. and       :
ANTHONY LAMPROPOULOS,       :
       :
             Defendants.       :
       :
------------------------------------------------------------x

J. Jeffrey Weisenfeld (New York, NY), for Plaintiff.

Alan Levine, Stephen Wieder, and Jeffrey Gross, Kronish Lieb Weiner & Hellman LLP (New York, NY), for Defendants.

GERARD E. LYNCH, District Judge:

      Defendants move to dismiss Counts Three through Six of the Complaint in this antitrust action, to consolidate the case with an earlier similar action, and for sanctions. The motions to dismiss and consolidate will be granted; the motion for sanctions denied.

      In December 2003, plaintiff filed an action, Linens of Europe, Inc. v. Best Mfg. Inc., No. 03 Civ. 9612, asserting a variety of claims under RICO, antitrust law, and New York tort law against numerous companies and individuals engaged in the business of supplying and laundering fine linens for upscale restaurants in the Manhattan area. Plaintiff claimed that the defendants named in that case conspired to maintain a cartel in the industry. On September 16, 2004, this Court granted defendants' motion to dismiss a number of counts of the complaint in that case. Linens of Europe, Inc. v. Best Mfg., Inc., No. 03 Civ. 9612, 2004 WL 2071689

(S.D.N.Y. Sept. 16, 2004).

The litigation was subsequently stayed pending developments in a criminal investigation into the same allegations. In connection with that investigation, Polo Linen Service, Inc., and Anthony Lampropoulos, the defendants in this action, pled guilty to criminal antitrust charges on February 25, 2005. In the wake of those guilty pleas, plaintiff filed this action, alleging the same claims against Polo and Lampropoulos that it had earlier brought against the defendants in the earlier civil suit. Defendants now move to consolidate this action with the earlier case, and to dismiss as to them the claims earlier dismissed as to the defendants in that case. They also seek sanctions under Fed. R. Civ. P. 11, arguing that plaintiff's claims, having already been dismissed by this Court, are necessarily frivolous.

Plaintiff consents to the consolidation and to the dismissal of Counts Three and Six. (Pl.'s Mem. Opp. Mot. Dismiss at 1.) It argues that the tort claims in Counts Four and Five should not be dismissed, however, on the theory that defendants' guilty pleas establish that they were involved in an antitrust conspiracy, and that consequently they must be held accountable for the tortious acts of alleged co-conspirators in furtherance of that conspiracy, even though the Complaint alleges no participation by these defendants in the acts that form the basis of these counts. (Id. at 3.)

Plaintiff's argument is unavailing. New York law does not recognize an independent tort of civil conspiracy. See Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y. 2d 968, 969 (1986) ("[A] mere conspiracy to commit a tort is never of itself a cause of action."). However, conspiracy allegations are permitted to "connect the actions of separate defendants with an otherwise actionable tort," id., and to charge a conspirator "with the acts and

2

declarations of his co-conspirators, where otherwise he could not have been implicated" in the commission of that tort. Brackett v. Griswold, 112 N.Y. 454, 466-67 (1889); see also Hutchins v. Hutchins, 7 Hill 104, 107 (N.Y. Sup. Ct. 1845) ("Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose, it may be important to establish the allegation of a conspiracy.").

In this case, while plaintiff has adequately alleged tortious acts by certain members of the alleged antitrust conspiracy, see Best Mfg., Inc., 2004 U.S. Dist. LEXIS 18575, at *66-*70 (permitting claims of tortious interference with contract and with prospective business advantage against certain defendants), plaintiff does not contend that the defendants in this action participated in, agreed to commit, or even were aware of, those acts, see, e.g., Kashi v. Gratsos, 790 F.2d 1050, 1055 (2d Cir. 1986) ("Under New York law, a civil conspiracy [to commit fraud] is an agreement or confederation between two or more persons intentionally participating in the furtherance of a preconceived common plan or purpose to defraud."). Rather, plaintiff argues that even if defendants did not agree to commit any of the tortious acts at issue, as members of the larger antitrust conspiracy, they can be charged for any tort committed by their co-conspirators in furtherance of that conspiracy. Plaintiff essentially seeks to extend the accepted (though much-criticized) federal criminal rule of Pinkerton v. United States to New York tort law, see 328 U.S. 640, 646-48 (1946) (holding conspirator may be held liable for reasonably foreseeable substantive offenses committed by co-conspirator in furtherance of conspiracy), but cites no authority for such an extension. Perkins School for the Blind v. Maxi-Aids, Inc., cited by plaintiff, is inapposite; the court there neither recognized nor adopted a Pinkerton theory of

liability, and indeed emphasized the need for "an agreement between two or more parties" in order to maintain a civil conspiracy claim under New York law. 274 F. Supp.2d 319, 329 (E.D.N.Y. 2003). Because plaintiff does not contend that any agreement between defendants and the other alleged conspirators to engage in the specified tortious conduct existed, Counts Four and Five will be dismissed.

Defendants' motion for sanctions, however, must be denied. Plaintiff receded from its claims in Counts Three and Six when confronted with defendants' motion, and thus comes within Rule 11's safe harbor provision as to those claims. See Fed. R. Civ. P. 11(c)(1)(A). While plaintiff did not recede from Counts Four and Five, its position cannot be characterized as frivolous, since it advances a good faith argument for an extension of prior law. See Fed. R. Civ. P. 11(b)(2). Moreover, plaintiff's initial assertion of all of these claims against the present defendants cannot be considered vexatious merely because of the earlier dismissal of the same claims against other defendants. Plaintiff is not obliged to accept this Court's rulings in the prior case as authoritative, and retains the right to appeal those rulings, if an appeal is deemed advisable, at the conclusion of the antitrust litigation. By bringing the same claims against the present defendants, plaintiff in effect simply brings these defendants (whose involvement in the alleged antitrust conspiracy evidently was unknown to plaintiff before defendants' guilty plea) into line with the defendants in the other action.

No doubt there are more efficient ways of accomplishing this result than filing a new lawsuit and triggering a motion to dismiss, but most of them involve stipulations that would require the cooperation of both parties. In any event, with the consolidation of the complaints and the dismissal of those counts that failed to survive the motion to dismiss in the prior

4

litigation, the case now stands precisely where it should: the defendants in the present matter are joined as defendants in the earlier case, with the same counts extant, and the same counts dismissed, subject to the same rights (if any) on the part of plaintiff to appeal this Court's rulings as to all defendants.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to consolidate this case with No. 03 Civ. 9612 is granted;

2. Defendants' motion to dismiss Counts Three through Six is granted; and

3. Defendants' motion for sanctions is denied.

SO ORDERED.

Dated:   New York, New York
         December 19, 2005

_____
GERARD E. LYNCH
United States District Judge